**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| Darnell G. Moore, | ) | Civil Action No. 1:16-cv-03651-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| David Tyre Draughn, Central States MFG., | ) | |
| Inc., and South Carolina Department of | ) | |
| Transportation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court pursuant to Defendant South Carolina Department of Transportation's ("SCDOT") Motion to Dismiss and/or Remand to state court, (ECF No. 10), SCDOT's Supplemental Motion in Support thereof, (ECF No. 13), and Plaintiff Darnell G. Moore's Motion to Remand to state court, (ECF No. 11). For the following reasons, the court **GRANTS** SCDOT's Motion to Dismiss (ECF No. 10), thereby denying its Motion to Remand, and **DENIES** Plaintiff's Motion to Remand. (ECF No. 11.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from a motor vehicle accident that occurred in Allendale County, South Carolina, on May 7, 2014. (ECF No.1 at 1.) This case was originally commenced in the Court of Common Pleas for the Fourteenth Judicial Circuit. *See id.* On November 16, 2016, Defendants David Tyre Draughn and Central States MFG., Inc. ("Central States"), filed a notice of removal to this court on the basis of diversity jurisdiction. *See id.* Though Plaintiff is a South Carolina resident and SCDOT is a South Carolina state agency, thus defeating complete diversity, Draughn and Central States seek this court's dismissal of SCDOT from this action on the theory that Plaintiff improperly and fraudulently joined SCDOT in order to defeat diversity jurisdiction. *See id.*

1

According to Draughn and Central States, Plaintiff has no valid claim against SCDOT and thus SCDOT is not a valid party in this action, thereby making the parties completely diverse and conferring subject matter jurisdiction on this court. *Id.*

On December 2, 2016, SCDOT filed a motion with this court seeking either its dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6), or a remand of any claim against SCDOT to state court. (ECF No. 10 at 1.)

Plaintiff then filed a motion to remand to state court on December 8, 2016, asserting that this court has no jurisdiction over SCDOT, SCDOT has not consented to removal to federal court, and this court lacks subject matter jurisdiction. (ECF No. 11 at 1.) SCDOT then filed a supplemental motion on December 12, 2016, which essentially supplemented its original motion to dismiss and/or remand with certain jurisdictional arguments made by Plaintiff in his motion to remand.[1] (ECF No. 13 at 1.) Defendants Draughn and Central States have responded to each motion, asserting that, under the "fraudulent joinder doctrine," federal courts may dismiss a non-diverse party against which a plaintiff has no valid claim and thus retain complete diversity among the parties. (ECF Nos. 16, 17, & 18.)

## II.     LEGAL STANDARD

A party seeking to remove a civil lawsuit from state to federal court pursuant to 28 U.S.C. § 1446 may do so when there is diversity of citizenship between the parties. Diversity of citizenship exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states . . . ." 28 U.S.C. § 1332(a). Moreover, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different

---

[1] By this Order, the court **GRANTS** SCDOT's Supplemental Motion to Dismiss, thereby denying its Supplemental Motion to Remand.

State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 427 U.S. 365, 373 (1978) (emphasis in the original); *see also Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) ("[T]he 'complete diversity' rule clarifies that the statute authorizing diversity jurisdiction over civil actions between a citizen of a state where the suit is brought and a citizen of another state permits jurisdiction only when no party shares common citizenship with any party on the other side."). Thus, absent rare circumstances involving patents, federal courts will have no jurisdiction to hear cases where there is no federal question presented nor complete diversity between the parties, and the court must either dismiss the action or remand it to state court.

However, a party may not add a nondiverse opposing party for the sole purpose of protecting itself against removal to federal court, when the adding party has no valid claim against it. In order to protect against such procedural chess moves, the judiciary has created what is known as the "fraudulent joinder" doctrine. "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes*, 198 F.3d at 461. A party seeking to remove under the fraudulent joinder doctrine bears the heavy burden of "demonstrate[ing] either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is no possibility the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp.*, 187 F.3d 422, 424 (4th Cir. 1999). A court may only find that there is no possibility of recovery "after resolving all issues of law and fact in the plaintiff's favor." *Id.*

"In order to determine whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the

basis of joinder by any means available." *AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990).

## III.    ANALYSIS

Both Plaintiff and SCDOT have moved to remand this case to state court.  Both parties have argued that there is incomplete diversity among the parties.  There is no federal question at issue, and there is a South Carolina party on each side.  Thus, the only method for this court to hear the case is under the fraudulent joinder doctrine.

Central States and Draughn allege that "both fraudulent joinder tests have been met" – that there is "no possibility the plaintiff would be able to establish a cause of action against the in-state defendant in state court," and that there is "outright fraud in the plaintiff's pleading of jurisdictional facts."  (ECF No. 15 at 2.)  Thus, they argue that SCDOT has been fraudulently joined and that this court has jurisdiction to decide the claims.  The non-moving defendants argue that Plaintiff could not establish a cause of action in state court against SCDOT because the statute of limitations has expired on any claim against it.  *Id.*

Plaintiff's claims against SCDOT are governed by The South Carolina Tort Claims Act ("Act"), which "is the exclusive and sole remedy for any tort committed by an employee of a governmental entity while acting within the scope of the employee's official duty."  S.C. Code Ann. § 15-78-200 (Supp. 1999).  The Act contains a two-year statute of limitations.  Section 15-78-110 declares:

> Except as provided for in Section 15-3-40, any action brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered.  S.C. Code Ann. § 15-78-110 (Supp. 1999).

Provisions of the Act establishing limitations upon, and exemptions from, liability of a governmental entity must be liberally construed in favor of limiting the liability of the state.

*Steinke v. South Carolina Dept. of Labor, and Regulation*, 336 S.C. 373, 393 (S.C. Ct. App. 1999).

The court is not convinced that there is outright fraud in Plaintiff's pleading of jurisdictional facts. However, the court is convinced that Plaintiff would not be able to establish a cause of action against SCDOT in state court because the two-year statute of limitations has expired. Plaintiff asserts that the statute of limitations should be tolled due to the latent discovery of a claim against SCDOT, which he allegedly learned in a mediation on June 23, 2016. Plaintiff contends that the question of when a party discovers a cause of action against a party is one for the jury. (ECF No. 11 at 8.) However, a fact-finder is not able to ascertain what information Plaintiff discovered in mediation since Plaintiff is contractually and judicially estopped from discussing anything that she learned at the mediation. *See* FRE 408, 501; *see also* ECF No. 1 at 11, which contractually prohibits Plaintiff from using any information in mediation in any later court proceeding. Thus, Plaintiff is estopped from asserting that she learned any information at the mediation, which may have tolled the statute of limitations. *See In re Anonymous*, 283 F.3d 627, 636 (4th Cir. 2002) ("The assurance of confidentiality is essential to the integrity and success of the Court's mediation program, in that confidentiality encourages candor between the parties and on the part of the mediator, and confidentiality serves to protect the mediation program from being used as a discovery tool for creative attorneys.").

Furthermore, the court is not persuaded that Plaintiff could not have discovered this information before the statute of limitations had expired. In motor vehicle accident cases, such as this, South Carolina courts, and District of South Carolina courts interpreting South Carolina law, have consistently held that the statute of limitations runs from the date of the car accident, as that is the date a plaintiff reasonably should have been aware of her injuries and that a claim exists against any alleged tortfeasors. *Tollison v. B&J Mach. Co., Inc.*, 812 F. Supp. 618, 620 (D.S.C.

1993) (stating the focus is upon the date of discovery of the injury, not the date of discovery of the wrongdoer).

In *Tanyel v. Osborne*, 312 S.C. 473, 474 (S.C. Ct. App. 1994), Plaintiff Tanyel was involved in an accident with a state employee school bus driver and died from her injuries. Her spouse, who was not involved in the accident, waited more than two years after the date of the accident to sue the bus driver. *See id.* When the bus driver asserted the two year statute of limitations from the Act, Tanyle's spouse claimed not to have discovered evidence of the bus driver's negligence until after the date of the accident. *See id.* The South Carolina Court of Appeals ruled that it made no difference when the spouse determined there was evidence the bus driver was negligent. *See id.* at 475. The statute of limitations in a car accident case runs from the date of the accident, since, as a matter of law, the date of the accident was the event which should have placed Tanyel on notice of a claim against the bus driver, and not some later event. *See id.* "More importantly, Tanyel witnessed the physical involvement of the bus in the accident. *See id.* at 476. This fact, standing alone, gave him notice that he might have a potential claim against the bus driver." *See id.*

Additionally, in *Bayle v. South Carolina Dept. of Transp.*, 344 S.C. 115, 118 (S.C. Ct. App. 2001), Plaintiff died when her car struck water on the roadway. Bayles' widowed husband filed a claim against SCDOT more than two years after the date of the accident. *See id.* Bayle's spouse claimed that, because he did not witness the accident, it was reasonable that the statute should run from the date he discovered a cause of action against SCDOT. *See id.* The *Bayles* court ruled that, even where the plaintiff did not actually witness the accident, the statute of limitations still runs from the date of the accident. *See id.* at 126. In response to Bayles' argument that he did not discover the defect until after the date of the accident, the *Bayles* court further reasoned that the

statute of limitations had still run since the alleged defects were observable conditions, which existed at the time of the accident. *See id*. at 127.

Moreover, South Carolina law is clear that the allegedly injured plaintiff must exercise "reasonable diligence" in the pursuit of any personal injury action. *Straws v. Crawford*, No. 4:06-32230-HFF-TER, 2007 WL 1302685, at *3, (D.S.C. May 2, 2007).  According to the South Carolina Supreme Court,

> "[t]he exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist.  The statute of limitations begins to run from this point and *not when advice of counsel is sought or a full-blown theory of recovery developed*."

*Snell v. Columbia Gun Exch., Inc.*, 276 S.C. 301, 303 (1981) (emphasis added).  The question of whether the plaintiff has exercised this "reasonable diligence" is "an objective determination," *Wilson v. Shannon*, 299 S.C. 512, 513 (S.C. Ct. App. 1989), and "the fact that the injured party may not comprehend the full extent of the damage is immaterial." *Dean v. Ruscon Corp.*, 321 S.C. 360, 362 (1996) (property damage case) (citations omitted).

Applying *Tanyel* and *Bayle* to the case at bar, even if Plaintiff discovered facts during the mediation leading her to believe that she might have a cause of action against SCDOT, such discovery does not toll the statute of limitations.  Plaintiff was involved in the accident and knew she suffered an injury on the date of the accident.  Thus, under *Straws* and *Snell*, it was Plaintiff's responsibility to identify potential causes of action and defendants in a timely manner.  Plaintiff has not set forth any facts by which the court can conclude that she exercised reasonable diligence in pursuing a claim against SCDOT.

Therefore, the court concludes that SCDOT is improperly joined in this action, and the naming of this defendant should not defeat this court's diversity jurisdiction.

## IV. CONCLUSION

Based on the foregoing, SCDOT's Motion to Dismiss (ECF No. 10) is **GRANTED**, thereby denying its Motion to Remand, and Plaintiff's Motion to Remand (ECF No. 11) is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 6, 2017
Columbia, South Carolina